

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00030-CR

———————————————————

CARL QUINTON WILLIAMS III, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1681036

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Appellant Carl Quinton Williams III appeals the trial court's judgment convicting him of arson with the intent to damage a habitat or a place of worship, a first-degree felony, enhanced by one prior felony conviction. As part of a plea bargain, the trial court originally placed Williams on deferred-adjudication community supervision for ten years, starting in November 2022. *See* Tex. Code Crim. Proc. Ann. art. 42A.102 ("Eligibility for Deferred Adjudication Community Supervision").

But less than five months later, in April 2023, the State filed a petition to adjudicate Williams guilty and alleged that he had violated three conditions of community supervision:

- he had committed a new offense (assault on a family or household member),

- he had tested positive for methamphetamine and amphetamine, and

- he had failed to pay his supervision fees.

Williams pleaded not true to the first allegation but true to the second and third allegations. After hearing evidence, the trial court found all three allegations true and adjudicated Williams guilty.

Having been found guilty, Williams faced a punishment range of imprisonment for life or for any term of not more than 99 years or less than 15 years and a fine not to exceed $10,000. *See* Tex. Penal Code Ann. §§ 12.42(c)(1), 28.02(d)(2). The State asked for 40 years' imprisonment. The trial court sentenced Williams to 20 years'

incarceration.[1] And although Williams had been assessed court costs, reimbursement fees, and reparations, the trial court credited all three for his time served.

Williams appealed.

On appeal, Williams's court-appointed appellate counsel filed a motion to withdraw and a brief in support of that motion in which he has concluded that, after reviewing the record, no arguable grounds for appeal exist. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*—he has presented a professional evaluation of the entire record and has demonstrated why Williams has no arguable grounds for appeal. *Id.*, 87 S. Ct. at 1400.

In response to his appointed counsel's *Anders* brief, Williams filed a timely pro se reply, but he did not present any arguable grounds for our review.

The State declined to file a brief but filed, instead, a letter in which it agreed with appointed appellate counsel's assessment that no meritorious grounds for appeal exist.

As is our duty on receiving an *Anders* brief, we have independently examined the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully reviewing the

---

[1]Williams rejected the State's plea-bargain offer of 15 years' imprisonment and the dismissal of the new assault alleged in its petition.

record and counsel's brief, we agree with counsel that this appeal is wholly frivolous and without merit.[2] No arguable grounds for appeal exist.[3] *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

---

[2]Williams's plea of true to the second and third allegations effectively mooted any complaint regarding the first allegation. *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015); *Boren v. State*, No. 09-22-00289-CR, 2023 WL 5949440, at *5 (Tex. App.—Beaumont Sept. 13, 2023, no pet.) (mem. op., not designated for publication).

[3]We note, though, that the written admonishments to the plea bargain incorrectly state that Williams's punishment range was that of a first-degree felony (life or any term of years of not more than 99 years or less than 5 years and a $10,000 fine) and not that of a first-degree felony enhanced by a prior felony (life or any term of years of not more than 99 years or less than 15 years and a $10,000 fine)—notwithstanding that one of the plea-bargain terms was that Williams had to plead true to one enhancement felony. *See* Tex. Penal Code Ann. §§ 12.32, 12.42(c)(1). The voluntariness of Williams's plea at the hearing placing him on deferred-adjudication community supervision is, however, beyond our jurisdiction in an appeal following an adjudication of guilt. *See Jordan v. State*, 54 S.W.3d 783, 785–87 (Tex. Crim. App. 2001); *Aune v. State*, 698 S.W.3d 42, 44–45 (Tex. App.—Amarillo 2024, pet. ref'd); *Robinson v. State*, Nos. 02-17-00054-CR, 02-17-00055-CR, 2018 WL 1095793, at *2 (Tex. App.—Fort Worth Mar. 1, 2018, no pet.) (mem. op., not designated for publication).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 30, 2025